ELECTRONICALLY FILED
11/13/2019 11:58 AM
09-CV-2019-900103.00
CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA
RASHAWN HARRIS, CLERK

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

| | |
|---|---|
| ERIC MILBRY, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No.:** |
| | ) |
| GUARDIAN ASSET | ) |
| MANAGEMENT, INC., | )    **JURY TRIAL DEMANDED** |
| | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiff Eric Milbry brings his Complaint against Guardian Asset Management, Inc. and Brittney Sawyer as follows:

### PARTIES

1. Plaintiff Eric Milbry is an adult resident of Union Springs, Alabama.

2. Defendant Guardian Asset Management, Inc. (sometimes referred to as "Guardian") is a corporation doing business in Union Springs, Alabama.

### JURISDICTION AND VENUE

3. The Plaintiff is a resident of Bullock County, Alabama and the Defendant conducts business in Bullock County, Alabama. Therefore, this court has jurisdiction over this matter and venue is appropriate.

### FACTUAL BACKGROUND

4. Eric Milbry is a forty-two year old African-American diabetic gentleman who suffers from end stage renal disease and kidney failure.

5. He undergoes peritoneal dialysis for eight hours each day at home. His condition clearly and substantially limits major life activities.

6. Mr. Milbry was employed by Guardian Asset Management, Inc. as the maintenance supervisor. Guardian Asset Management, Inc. owns and operates multi-housing complexes.

7. As part of his work, Mr. Milbry would travel in his personal vehicle to the various apartment units to make necessary repairs per the work orders. Much of Mr. Milbry's time was spent in his vehicle as it housed the tools he used to make repairs. His physical condition prevented him from being able to walk from unit to unit while carrying tools/ladders, etc. Mr. Milbry completed all work orders timely and effectively.

8. It is a simple accommodation to allow Mr. Milbry to drive his personal vehicle using his own gas from each unit to complete each assignment given his disability.

9. On January 8, 2019, Mr. Milbry's treating physician faxed to his employer correspondence alerting them to the following:

> "Mr. Milbry developed kidney failure requiring dialysis to maintain
> life recently and is on hemodialysis three times weekly at present.
> In order to home dialysis Mr. Milbry is undergoing training for
> home peritoneal dialysis. It is expected that at the end of his training
> he will be able to transition to home dialysis and resume a full
> workload on February 4, 2019.
> Please consider a medical leave for this required dialysis training for
> Mr. Milbry. Please contact me if further information is required and
> thank you for your consideration in this matter."
> Sincerely,
>
> Robert Holt, Jr., M.D.
> Renal Associates of Montgomery, PC"

10. Upon Mr. Milbry's return to work within one week he was terminated. The only arguable basis for this abrupt termination is Mr. Milbry's disability as above identified. Mr. Milbry was terminated for being in his truck. His employer clearly fired him for having his disability and refused to accommodate the disability by allowing him to be in his vehicle

as a means to get from unit to unit – he responded to each work order and completed the paperwork (often in the vehicle).

11. It is also clear that once his employer became aware of his disability they moved aggressively to terminate him. Evidence of such includes not only the timing but also the fact that on January 21 Mr. Milbry received correspondence asking that he return personal property of the apartment complex, and further canceled the credit card Mr. Milbry used to purchase supplies necessary to fulfill work orders that he had been using before developing his disability. The termination was clearly strategic and done in response to his employer learning of Mr. Milbry's disability.

12. Undoubtedly Mr. Milbry suffered from a disability. His employer refused to accommodate him and in fact terminated him because of the disability.

13. Mr. Milbry was subject to an adverse employment decision on account of his disability. Guardian was motivated to terminate Mr. Milbry because of his disability.

14. Moreover, prior to his termination, Mr. Milbry complained to the HR Department for Guardian about the hostile work environment at Guardian. Shortly thereafter rather than conducting an investigation into his complaint, Guardian terminated Mr. Milbry.

15. Mr. Milbry's termination was intentional, retaliatory, and discriminatorily done in violation of the law.

16. Plaintiff has timely filed this Complaint within ninety days of receiving his right to sue from the Equal Employment Opportunity Commission. A copy of the Right to Sue is attached hereto as an Exhibit.

## CAUSES OF ACTION

### Count I – American's with Disabilities Act Violation

17. Plaintiff adopts all preceding paragraphs of this Complaint as if fully set forth herein.

3

18. Defendant violated the American's with Disabilities Action, 42 U.S.C.A. Sections 12112-12117 by terminating Plaintiff on account of his disability.

19. Plaintiff suffers from end stage renal failure. He undergoes peritoneal dialysis for eight hours each day at home. His condition clearly and substantially limits major life activities.

20. Rather than accommodating Plaintiff's disability, Defendant terminated him.

21. Defendant was motivated to terminate Plaintiff because of his disability.

**WHEREFORE, the above premises considered**, Plaintiff seeks the following damages as a result of the above violation: (a) back pay; (b) interest; (c) attorneys fees; (d) costs; (e) compensatory damages; (f) treble damages; (g) punitive damages; (h) reinstatement and any and all other damages he may be entitled.

### Count II – Hostile Work Environment
### (violation of Title VII of the Civil Rights Act of 1964)

22. Plaintiff adopts all preceding paragraphs of this Complaint as if fully set forth herein.

23. Plaintiff endured repeated harassment about his medical condition among other things all in an effort to get Plaintiff to leave his employment and to harass him.

24. For instance, Plaintiff was falsely accused of various offenses, including but not limited to the unjustified calling of the police on him in front of others to Plaintiff's embarrassment. All of these repeated and constant harassing behaviors toward Plaintiff caused him severe emotional distress, damage to his reputation, physical impairments, loss of sleep, worry and anxiety.

25. Defendant altered the reasonable expectations and conditions of Plaintiff's employment to such an extent that Plaintiff was uncomfortable. It was pervasive, unwelcome, continuous, and severe to the degree that Plaintiff reported the hostile work environment to Defendant's HR Department.

26. Defendant refused to investigate his complaints.

27. Defendant created and contributed to a hostile work environment for Plaintiff in violation of Title VII of the Civil Rights Act of 1964 and Alabama state law.

**WHEREFORE, the above premises considered,** Plaintiff seeks the following damages as a result of the foregoing: (a) back pay; (b) interest; (c) attorneys fees; (d) costs; (e) compensatory damages; (f) treble damages; (g) punitive damages; (h) reinstatement; and any and all other damages available to Plaintiff.

## Count III – Retaliation

### (violation of ADA and Title VII of the Civil Rights Act of 1964)

28. Plaintiff adopts all preceding paragraphs of this Complaint as if fully set forth herein.

29. Plaintiff was terminated in retaliation for his seeking of an accommodation because of his disability in violation of the ADA and in retaliation for reporting the hostile work environment in violation of Title VII of the Civil Rights Act of 1964.

30. Shortly after seeking an accommodation and reporting of the hostile work environment, Plaintiff was terminated.

31. Plaintiff's termination was in retaliation to Plaintiff seeking protections he is allowed under the law.

32. Defendant's termination violated the law.

**WHEREFORE, the above premises considered,** Plaintiff seeks any and all damages available to him including but not limited to the following: (a) back pay and interest; (b) compensatory and punitive damages; (c) treble damages; (d) attorneys' fees and costs; and (e) reinstatement.

## Count IV – Defamation

33. Plaintiff adopts all preceding paragraphs of this Complaint as if fully set forth herein.

5

34. Defendant called without any justification or evidentiary support the police falsely, recklessly, negligently and intentionally alleging Plaintiff was engaging in the possession of and distribution of illegal substances.

35. The police found no evidence of the false allegations.

36. Defendant's actions were defamatory and caused Plaintiff significant damages, including but not limited to damage to his reputation, anxiety, worry, mental anguish, distress, and loss of sleep.

**WHEREFORE, the above premises considered,** Plaintiff seeks any and all damages he may be entitled including but not limited to: punitive damages; compensatory damages; attorneys fee; and expenses.

### Count V – Invasion of Privacy

37. Plaintiff adopts all preceding paragraphs of this Complaint as if fully set forth herein.

38. Defendant's conduct, as described above, constitutes an invasion of Plaintiff's privacy. Defendant placed Plaintiff in a false light.

39. Plaintiff was injured as a result of Defendant's misconduct.

**WHEREFORE, the above premises considered,** Plaintiff seeks any and all damages he may be entitled including but not limited to: punitive damages; compensatory damages; attorneys fee; and expenses.

### JURY DEMAND

Plaintiff hereby requests a jury on all claims.

/s/ *Jamie A. Johnston*

_____

Jamie A. Johnston (JOH164)

6

OF COUNSEL:
Jamie A. Johnston, P.C.
509 Cloverdale Road, Suite 101
Montgomery, Alabama 36106
334.202.9228
jamie@jjohnstonpc.com

DOCUMENT 3

ELECTRONICALLY FILED
11/13/2019 11:58 AM
09-CV-2019-900103.00
CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA
RASHAWN HARRIS, CLERK

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSI**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Eric Milbry<br>151 April Avenue<br>Union Springs, AL 36089 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street<br>Birmingham, AL 35205 |
|---|---|---|---|

|  | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a)).* | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| **420-2019-01282** | **MICHAEL COCHRAN,**<br>Investigator | | **(205) 212-2114** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

|  | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
|  | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
|  | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
|  | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| **X** | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
|  | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
|  | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

**BRADLEY A. ANDERSON,**
**District Director**

AUG 1 9 2019
*(Date Mailed)*

cc:
GUARDIAN ASSET MANAGEMENT
c/o Douglas B. Kauffman
Balch & Bingham LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203

Jamie A. Johnston
JAMIE A. JOHNSTON, P.C.
509 Cloverdale Road, Suite 101
Montgomery, AL 36106

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➤ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the operation of **major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
➤ **Only one** major life activity need be substantially limited.
➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➤ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**
➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.